LYONS, Justice
(dissenting).
I respectfully dissent. I question the suggestion in the Court of Civil Appeals’ per curiam opinion, an opinion of two judges, that Liberty National Life Insurance Co. v. Sherrill, 551 So.2d 272 (Ala.1989), controls this case. See Richardson v. Liberty Nat’l Life Ins. Co., 750 So.2d 575 (Ala.Civ.App.1999) (on rehearing). I am uncomfortable with the fungibility of scintilla cases and “substantial-evidence” cases, in view of Ala.Code 1975, § 12-21-12(b), abolishing the scintilla rule. Second, there was evidence in Sherrill indicating that the plaintiffs husband “was extremely ill when the application was taken and at all times between then and the date of his death.” 551 So.2d at 275. The combined evidence indicating the debility of the plaintiffs husband, who was purchasing the insurance, and the force of the alleged misrepresentation constituted a scintilla of evidence that justified submitting the case to a jury. Here, the plaintiff offered evidence indicating that LeRoy Richardson, the insured, was in failing health.
I would grant the petition and issue the writ to explore the question of LeRoy Richardson’s condition for the period during which he had the policy but did not read it. I would also grant it to determine the effect of Alfa Mutual Insurance Co. v. Northington, 561 So.2d 1041 (Ala.1990), recognizing subsequent delivery of a contract as sufficient to defeat a claim that one had justifiably relied on earlier misrepresentations, and to consider the extent to which Hicks v. Globe Life & Accident Insurance Co., 584 So.2d 458, 462 (Ala.1991), conflicts with Northington by recognizing an action for fraud with a recovery restricted to damage occurring between the point of the misrepresentation and the subsequent delivery of the policy.